IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 39558-8-III |
| | ) | |
| CINDY D. SCINTO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| JOHN P. SCINTO, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Cindy Valenti, formerly known as Cindy Scinto, appeals an order dividing the parties' real property pursuant to a previous remand order from this court. We affirm.

BACKGROUND

Most of the facts pertinent to this appeal are set forth in this court's prior opinion and, therefore, need not be repeated here. *See In re Marriage of Scinto*, No. 37878-1-III, (Wash. Ct. App. July 28, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/378781_unp.pdf. In summary, the parties obtained a legal separation order in 2020. Per the court's orders, Ms. Valenti was awarded full interest in the parties' home, lifetime maintenance of $2,300 per month, and attorney fees and costs. This amounted to 79.2 percent of the parties' shared assets. In its oral ruling, the trial court explained "'a disproportionate award is necessary in this case'" because of Ms. Valenti's "'lack of earning potential'" due to her "'extensive medical issues,'"[1] as well as the length of the parties' marriage. Clerk's Papers (CP) at 41-42.

Mr. Scinto appealed and we granted partial relief. We affirmed the trial court's decisions as to maintenance and attorney fees, but a majority of the court vacated the property award. The matter was remanded with instructions "for the trial court either to [(1)] enter particular findings explaining why a patently disproportionate award is fair and equitable despite alternative options; or, [(2)] better yet, to implement an option that

---

[1] Ms. Valenti apparently suffers from a litany of ailments that impair her quality of life and may shorten her lifespan.

satisfies [Ms. Valenti]'s needs and also achieves a fair and equitable division of property." *Scinto* concurrence/majority at 5.

We explained in *Scinto* that the trial court could equitably divide the parties' property by awarding the family home to Ms. Valenti, subject to a promissory note secured by a deed of trust in favor of Mr. Scinto. "The trial court could determine the amount of the promissory note, its interest rate, and make it payable upon the sale of the property or [Ms. Valenti]'s death, whichever first occurs." *Id.* at 3.

Although our disposition of the property issue was not unanimous, Ms. Valenti did not seek further review. A mandate issued on September 1, 2022, directing the trial court to hold further proceedings in accordance with our decision.

On remand, Mr. Scinto urged the trial court to change its property award to a more even distribution. He suggested the court could force a sale of the home and split the proceeds; award the home to Ms. Valenti, subject to a promissory note secured by a deed of trust in favor of Mr. Scinto; or award the home to Mr. Scinto, subject to a life estate in favor of Ms. Valenti.

Ms. Valenti, by contrast, continued to insist the original award was neither disproportionate nor unsupported, contrary to this court's holding. She argued that she was entitled to an award of the home's full value as compensation for her spousal

maintenance being less than half of Mr. Scinto's income. Ms. Valenti complained there would be a "windfall" to Mr. Scinto if he was allowed ownership of the home after she dies. CP at 73. Ms. Valenti urged the trial court to simply impose the same award as before, but to "more clearly" make its extant findings. *Id.* at 71; *see id.* at 70-72.

During oral argument, the trial court noted it was "leaning toward[] the promissory note route," but was "still open-minded." Rep. of Proc. (RP) (Nov. 4, 2022) at 7. Mr. Scinto's attorney explained that her client was amenable to awarding the home to Ms. Valenti subject to a promissory note, and requested that the amount secured by the note collect 12 percent interest yearly.

Ms. Valenti's attorney urged the court not to impose a security interest, and claimed it would suffice for the court to maintain its property award and simply enter a clearer memorialization of its previous oral findings. The trial court pointed out that this court must have already considered the oral findings—which were incorporated by reference in the written order—and found them lacking. Ms. Valenti's counsel agreed that the *Scinto* lead opinion had considered the oral findings, but speculated that the *Scinto* concurrence/majority opinion had not.

The trial court proceeded to its oral ruling, explaining it would adopt this court's suggestion to award the home to Ms. Valenti subject to a promissory note, calling this court's suggestion "fair and helpful." RP (Nov. 4, 2022) at 23.

The trial court subsequently entered an amended final order, assigning ownership of the family home to Ms. Valenti, but awarding a security interest to Mr. Scinto, totaling half the home's value at trial: $145,000. The court ordered Ms. Valenti to sign a promissory note evidencing Mr. Scinto's security interest, and provided that the amount owed to Mr. Scinto would accrue interest at a rate of six percent annually from the date of trial. The trial court ruled that Ms. Valenti was not required to make any installment payments to Mr. Scinto, but that the "total obligation" would become due upon Ms. Valenti's death, the sale of the property, or the cessation of Ms. Valenti's primary residence in the home. CP at 96; *see* RP (Nov. 4, 2022) at 23.

The resultant property distribution left Ms. Valenti with 50.4 percent of the parties' assets, and Mr. Scinto with 49.6 percent of the assets.

Ms. Valenti timely appeals.

ANALYSIS

*Imposition of security interest*

Ms. Valenti challenges the trial court's imposition of a security interest in favor of Mr. Scinto, arguing the trial court should have maintained its initial property award. We disagree.

The majority in our prior opinion rejected the initial property award and provided the trial court with two options on remand: (1) enter additional findings justifying a disproportionate award or (2) implement a more fair and equitable division of the property. Ms. Valenti could have sought review by the Supreme Court of our prior decision, but did not do so. As a result, the trial court was obliged to follow one of the mandated options. *See Pac. Coast Shredding, LLC v. Port of Vancouver, USA*, 14 Wn. App. 2d 484, 507, 471 P.3d 934 (2020).

We review the question of whether a trial court has complied with the terms of our mandate for abuse of discretion. *Id.* The trial court's actions on remand meet this standard. To be sure, the trial court was not required to adopt the promissory note option. But it had full authority to do so. It was not an abuse of discretion for the trial court to select the second of two options identified in the remand order and to grant Mr. Scinto

6

the type of security interest contemplated by the majority in our prior opinion. Ms.

Valenti's challenge to the trial court's decision to award a security interest fails.

*Imposition of interest*

Both parties argue the trial court erred in setting the interest that would accrue

to Mr. Scinto in relation to his security interest. Ms. Valenti argues the start date for

accrual of interest should be the date of remand, not the date of trial. Mr. Scinto argues

the interest rate should have been set at 12 percent, rather than 6 percent. Both arguments

fail.

Ms. Valenti's challenge to the date of accrual fails for lack of supporting

argument. Ms. Valenti asserts it was "arbitrary" of the trial court to set interest to start

accruing from the date of trial. Br. of Appellant at 14. But she fails to develop this claim

with any argument or citation to authority. "'[W]e are not in the business of inventing

unbriefed arguments for parties sua sponte . . . .'" *In re Pers. Restraint of Coats*, 173

Wn.2d 123, 138, 267 P.3d 324 (2011) (quoting *State v. Studd*, 137 Wn.2d 533, 547, 973

P.2d 1049 (1999)). We decline further review of this alleged error. *Prostov v. Dep't of

Licensing*, 186 Wn. App. 795, 823, 349 P.3d 874 (2015).

Mr. Scinto's argument regarding the interest rate fails due to procedural error.

Mr. Scinto did not cross appeal from the trial court's amended final order. Yet his

No. 39558-8-III
*In re Marriage of Scinto*

argument, if credited, would necessitate affirmative relief on remand. Without a notice of appeal, this type of disposition is unavailable here. *Naumes, Inc. v. City of Chelan*, 184 Wn. App. 927, 934, 339 P.3d 504 (2014). We therefore decline to reach the merits of Mr. Scinto's claim for relief. *See id.* at 935.

## CONCLUSION

The trial court's amended final order is affirmed. Mr. Scinto's request for attorney fees is denied. However, under RAP 14.2, he is entitled to costs as the substantially prevailing party on review, subject to compliance with RAP 14.4.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Staab, A.C.J.                                             Cooney, J.

8